**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3016

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Michael Duncan, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted:  December 31, 1997

Filed:  January 12, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After Michael Duncan pleaded guilty to a drug offense, the district court[1] sentenced him to 235 months imprisonment and ten years supervised release, and ordered him to pay a $10,000 fine.  For reversal, Duncan argues that the district court erred in imposing a fine, because he has no ability to pay it, and the court failed to make findings on the record demonstrating it had considered the factors set forth in U.S. Sentencing Guidelines Manual § 5E1.2(d) (1997) (listing factors court shall

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

consider in determining amount of fine). He also argues that the court should not have assigned criminal history points to two 1996 state convictions, because they were on appeal and thus were not yet final. We affirm.

Upon careful review of the record, we agree with the government that Duncan waived his argument concerning the fine, as he failed to raise any objection to the fine in the district court. See U.S. Sentencing Guidelines Manual § 5E1.2(a) (1997) (imposition of fine is mandatory unless defendant establishes that he is unable to pay and is not likely to become able to do so in future); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain error occurs when district court deviates from legal rule, error is clear under current law, and error affected substantial rights); United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (to preserve issue for appeal, defendant must timely object and clearly state grounds for objection so that trial court has opportunity to prevent or correct error).

We also conclude that the district court properly included the 1996 state convictions in Duncan's criminal history score. See U.S. Sentencing Guidelines Manual § 4A1.2(l) (1997) (in computing criminal history score, prior sentences under appeal are counted); United States v. Beddow, 957 F.2d 1330, 1337 (6th Cir. 1992) (conviction is considered final for criminal history purposes at time of trial court's determination of guilt, and thus Guidelines do not require sentence be upheld on appeal prior to inclusion in criminal history computation). Although Duncan maintains that counting the convictions denied him due process, we note he did not raise this argument below and has failed to show that plain error occurred. See Montanye, 996 F.2d at 192; Williams, 994 F.2d at 1294.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.